UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BUDDY MORRIS-EACRET, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>  Commissioner of the )<br>  Social Security Administration, )<br>)<br>    Defendant. ) | Case No. CIV-20-176-P |

## **ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. Administrative History and Final Agency Decision

Plaintiff protectively filed his application for disability insurance benefits on December 14, 2016. AR 171-72. Plaintiff alleged he became disabled on the same

1

date. AR 201. The Social Security Administration denied Plaintiff's application on March 6, 2017, *see id.* at 76, 77-89, and on reconsideration on June 23, 2017. AR 90, 91-104.

Plaintiff appeared with counsel and testified at an administrative hearing conducted before an Administrative Law Judge ("ALJ") on July 30, 2018. AR 49-75. A vocational expert ("VE") also testified at the administrative hearing. AR 70-74. The ALJ issued a decision in which she found Plaintiff was not disabled within the meaning of the Social Security Act. AR 24-42.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 14, 2016, the alleged onset date. AR 29. At the second step, the ALJ found Plaintiff had severe impairments of anxiety disorder and depressive disorder. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 31.

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels" with some non-exertional limitations. AR 33. Specifically, Plaintiff's work "must be limited to simple, repetitive, routine tasks requiring only occasional interaction with coworkers, supervisors, and the public and free of a production rate pace." *Id.*

At step five, relying on the VE's testimony, the ALJ determined Plaintiff could not perform his past relevant work. AR 40. Still relying on the VE testimony, the ALJ found Plaintiff could perform other jobs existing in significant numbers in the national economy, including kitchen worker, farm worker II, and cleaner II. AR 41. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from December 4, 2016 through the date of the decision. AR 41-42.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II. Issue Raised

Plaintiff contends the ALJ erred by failing to properly incorporate into the RFC a limitation noted by the state agency psychologists. Doc. No. 22 ("Op. Br.") at 6-10.

## III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means-and means only-'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (citations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV. <u>Analysis</u>

The state agency psychologists concluded, *inter alia*, that Plaintiff "is cognitively and emotionally able to persist at tasks for 6-8 hours in an eight hour period, at an appropriate pace and sustain this level across days and weeks." AR 85, 100. In his decision, the ALJ gave great weight to the psychologists' opinions. AR 37. Plaintiff contends the ALJ erred by not incorporating the noted limitation into the RFC.

In order to establish this alleged omission was reversible error, Plaintiff relies on the ALJ's inquiry to the VE during the administrative hearing in which she proposed a hypothetical based on the ultimate RFC in this matter but with the added limitation of requiring four unscheduled breaks each lasting about 10 minutes in an eight-hour workday. AR 73-74. The VE responded that such an additional limitation would preclude the availability of jobs. *Id.* Based upon this, Plaintiff argues the ALJ improperly considered only those portions of the opinions supporting a finding of nondisability and ignored the remainder, specifically this limitation. Upon review of the state agency psychologists' opinions and the ALJ's decision in their entirety, the Court disagrees.

It is well-established that an ALJ cannot "pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability," *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004). However, the ALJ did not do that in this case. Instead, Plaintiff takes the subject limitation out of context, or at least attempts to consider it in isolation.

Plaintiff argues the psychologists' opinions inherently include a limitation that Plaintiff is unable to persist at any task for a full eight hours per day and/or that he must be permitted to take certain unscheduled breaks throughout the day. Op. Br. at 7-8, 9. However, a comprehensive review of the opinions do not mandate such an interpretation. The psychologists explained the following in their assessments:

> The claimant is cognitively and emotionally able to persist at tasks for 6-8 hours in an eight hour period, at an appropriate pace and sustain this level across days and weeks. The claimant's mood issues may cause difficulties with tasks involving sustained focus and complex mental demands. However, the claimant remains mentally capable of understanding and carrying out instructions and assignments in a structured setting, in an appropriate time frame.

AR 85, 100. The ALJ limited Plaintiff to simple, repetitive, routine tasks and the requirement that a job not include a production rate pace. AR 33. Moreover, the psychologists also specifically found that Plaintiff was "not significantly limited" in his ability to perform activities within a schedule, maintain regular attendance, be punctual, and most significantly, "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." AR 85, 100.

An ALJ evaluates a medical opinion using several factors – examining relationship, treatment relationship, length of relationship, supportability, consistency, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 416.927(c).[1] In his decision, the ALJ included a lengthy and accurate summary of the state agency

---

[1] 20 C.F.R. § 416.927(c) applies to the consideration of the ALJ's evaluation of medical opinions because Plaintiff's initial application for disability insurance benefits was protectively filed prior to March 27, 2017. AR 171-72. For applications filed after March 27, 2017, 20 C.F.R. § 416.920c shall apply.

6

psychologists' opinions, noting they were consultative psychologists and providing a detailed assessment of the evidence in the record supporting the same. AR 37.

> Mary Rolison, Ph.D., a State agency psychological consultant, reviewed the claimant's records on March 3, 2017, and determined that the claimant's mental impairments would cause moderate limitations in global functioning. Accordingly, Dr. Rolison opined that the claimant could understand, retain, and carry out simple, and some complex, instructions to perform repetitive tasks of mild to moderate complexity. She also concluded that the claimant could persist at tasks for six to eight hours in an eight-hour period, but might have difficulty sustaining focus on tasks requiring complex mental demands. Additionally, Dr. Rolison observed that the claimant could work with coworkers and supervisors on a superficial basis without being overly distracted, but might show limited tolerance for frequent, recurrent contact with the public and would function best at tasks with minimal social demands. Finally, Dr. Rolison opined that the claimant could adapt to most changes and task demands on a sustained basis, but might prefer repetitive tasks not requiring alterations in routine. Stephen Drake, Ph.D., another State agency psychological consultant, also reviewed the claimant's records on June 20, 2017, and agreed with Dr. Rolison's assessment. The undersigned considered Dr. Rolison and Dr. Drake's opinions, and afforded them great weight. The claimant reported deficits in his short-term and long-term memory due to anxiety, and on at least [one] occasion was observed to have some short-term memory deficits by a mental health provider. However, during a consultative evaluation, the claimant could easily recall what he had to eat the previous evening, repeated seven digits forward and six backward, and readily named the current president, governor, and three past presidents. Although providers note that the claimant demonstrated decreased attention at times due to anxiety, he demonstrated super focus on specific assigned tasks during his consultative evaluation. Even when he appeared anxious to providers, the claimant still demonstrated normal memory, associations, thought process, abstraction abilities, and computation abilities. Similarly, he reported that when he becomes anxious, he tends to snap at other people or yell at them. This appears consistent with the observations of treating providers during a brief inpatient hospitalization during the relevant period. After being admitted for an overdose on prescription medication, which the

7

> claimant reported was to prevent his family from making him move out, providers observed the claimant to be irritable, hostile, and provocative, becoming loud and angry when he did not get his way. When the claimant's anxiety decreased after several days of psychotropic medication, however, he became cooperative and calm with relaxed body language and good eye contact. Overall, the record supports the consultants' assessments that the claimant could perform simple, repetitive work with limited social contact. Accordingly, the undersigned affords their conclusions great weight.

*Id.* (citations omitted). It is clear the ALJ properly considered the state agency psychologists' opinions and incorporated the same into Plaintiff's RFC.

Plaintiff relies on *Saladino v. Colvin*, No. 8:13-cv-2654-T-JRK, 2015 WL 1268261 (M.D. Fla. March 19, 2015) to argue the ALJ's decision must be reversed. According to Plaintiff, in *Saladino*, the ALJ assigned great weight to a state agency psychologist's opinion indicating that the plaintiff could persist at tasks for 6-8 hours in an eight-hour period, at an appropriate pace, and sustain this level across days and weeks." Op. Br. at 10 (quoting *Saladino*, 2015 WL 1268261, at *4). Plaintiff asserts that the court in *Saladino* found the ALJ's failure to then include said limitation in the RFC was error and reversed the ALJ's decision accordingly. *Id.* However, a closer review of the *Saladino* opinion reveals it is highly distinguishable from the present case.

In contrast to the present case, in *Saladino*, the state agency psychologists' opinions included multiple, severe limitations that were not included in the ALJ's RFC, despite the ALJ granting great weight to the same. The first psychological

consultant who examined the plaintiff found that the plaintiff "was not oriented to date, time, city or county . . . ." *Id.* at *3 (citation omitted). He also explained that the plaintiff's prognosis was "guarded" and his mental impairments "appear to be severely impacting activities of daily living, vocational performance, and interpersonal interactions." *Id.* (citation omitted).

A second psychological consultant concluded that the plaintiff had deficits in concentration and memory skills and was not oriented to time and date. *Id.* at *4. The psychologist concluded that when given supervision, the plaintiff could complete tasks and follow instructions, but was pathologically dependent on his mother who cared for him as a minor child. *Id.* "[H]e would be able to complete simple routine tasks in a work-like setting but due to dependency issues, would need close supervision at least initially." *Id.* (citation omitted). The second psychologist also stated that the plaintiff "can follow instructions if they are simple and low in detail," "can accept directions and feedback and will function best at tasks with modest social demands," and "can persist at tasks for 6–8 hours in an eight hour period, at an appropriate pace, and sustain this level across days and weeks." *Id.* (citations omitted).

In reversing the ALJ's decision, the court explained that despite assigning both opinions great weight, the ALJ determined, without adequate explanation, that the first psychologist overstated Plaintiff's restrictions based on the ALJ's conclusion that

said restrictions were more appropriately categorized as moderate rather than severe. *Id.* at *5-6. The court explained that the ALJ's only stated reason for doing this was that a moderate finding "is more consistent with the longitudinal evidence of record." *Id.* at *6 (citation omitted). Yet, the ALJ never cited to any evidence within the record to support this conclusion and also contradicted himself by then stating that the psychologist's opinion was "generally consistent with the evidence of record." *Id.* (citation omitted). Thus, the ALJ gave the opinion great weight, then implicitly discredited it without explaining his basis for doing so. *Id.* The court also noted that in spite of also assigning "great weight" to the second opinion, the ALJ failed to include all the assessed limitations in the RFC, such as that the plaintiff would "would need close supervision at least initially," or that he would only be able to "persist at tasks for 6–8 hours in an eight hour period." *Id.* (citation omitted).

The *Saladino* decision is clearly distinguishable from the present case. Here, the ALJ thoroughly and accurately summarized the state psychological consultants' opinions. When reading the opinions in their entirety, it is clear the ALJ properly considered each and in giving them great weight, appropriately incorporated them into the RFC. Moreover, as discussed in the ALJ's decision and set forth above, substantial evidence within the record supports his findings. *Wall*, 561 F.3d at 1052.

VI. Conclusion

Based on the foregoing analysis, the decision of the Commissioner is affirmed. Judgment will issue accordingly.

ENTERED this  7th  day of  July , 2021.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE